Per Curiam.

Triable issues were presented which properly precluded summary disposition below.
■Subdivision 1-a of section 250 of the Insurance Law provides that a hospital service corporation, such as the third-party defendant include on its board of directors and its executive committee representation by its member hospitals to the extent of one third of its board and executive membership. The relationship thus created between hospital and the hospital service corporation is a close one and is made even closer by the terms of the instant contract, whereby Associated Hospital Service agrees to provide hospital service under the terms o£ the agreement and to make payment not to the insured but directly to its member hospital. Article XV of Associated Hospital Service agreement with hospitals provides as follows: “A. AHS shall, subject to the terms and conditions hereof, compensate Member Hospitals for Hospital Service rendered by them to Subscribers by payments in such amounts and upon such basis as shall be *315 determined from time to time by the Board of Directors of AHS ” (Group Contract, p. 16).
It is thus apparent that plaintiff and third-party defendant are in a position to prejudice the insured. By delaying taking action against the insured for more than two years the hospital makes it possible to prevent an adjudication as to the disclaimer, and for Associated Hospital Service to avoid liability under the short Statute of Limitations set forth in the group contract. Moreover, it is significant that the hospital failed to bring action against Associated Hospital Service, as it had a right to do under the contract. Had the hospital in the instant case brought suit within two years against both parties, the question as to coverage raised by Associated Hospital Service could have been litigated. If the Statute of Limitations provided in the contract is enforced, an adjudication as to the validity of the disclaimer is avoided.
While parties may by a contract provide for a short Statute of Limitations, such a provision, being in derogation of statutes, should be strictly construed. And in determining whether a contractual limitation is reasonable in a particular case, the court should consider the entire contract, the surrounding circumstances, the relationship of the parties and whether one was in a position to take advantage of the other (35 N. Y. Jur., Limitations and Laches, pp. 483-484).
Here, it may well be that a full development of the facts at a trial will result in a finding that under all the circumstances the limitation is unreasonable or that the plaintiff is estopped from recovering against defendant. Certainly, the issue is “ fairly debatable ” (Stone v. Goodson, 8 N Y 2d 8) and not “ so tenuous that the test of a trial may be by-passed ” (United Bd. & Carton Corp. v. Nieberg, 25 A D 2d 647).
In view of the relationship between plaintiff and third-party defendant, and the delay by plaintiff in bringing the action, sufficient is shown to warrant the denial of third-party defendant’s motion for summary judgment.
Accordingly, the order below denying summary judgment should be affirmed, with $10 costs.
Markowitz and Gold, JJ., concur; Hofstadter, J., dissents in dissenting memorandum.